# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BOKOR,<br>Plaintiff,<br>v.<br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, *et al.*,<br>Defendants. | Case No. 1:26-cv-06324-BAM (PC)<br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br>ECF No. 7<br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Kenneth Bokor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and he was granted leave to amend. Plaintiff's first amended complaint is currently before this Court for screening. (ECF No. 7.)

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the Salinas Valley State Prison, in Soledad, California. Plaintiff alleges the events in the complaint occurred while he was housed at Wasco State Prison ("WSP"). Plaintiff names as defendants: (1) Melissa Ortega, LVN, (2) Lydia Nambalirwa, LVN, (3) Winnie Haywood, LVN, (3) Jeannette Aguilar, LVN, (5) Nicole Kamtchueng-Tagne, LVN,[1] and (6) Michelle Marintez, Psych. Tech.

Plaintiff alleges Fourteenth and Eighth Amendment violations by prison medical staff who intentionally and maliciously exposed Plaintiff to undue exposure in public view and exposed his medical information. This exposure was done in retaliation after Plaintiff filed an administrative appeal.

Plaintiff alleges on information and belief, that several medical nursing staff, for over a year, left Plaintiff exposed while receiving an injection that was needed once a week so his body

[1] In the allegations, Plaintiff sometimes spells this name as Kamtchueng-T**o**gne. The Court will use the spelling identified in the caption.

could function properly. Plaintiff was exposed at the buttock to public view, as well as to inmates and staff from other departments, medical and nonmedical staff. Upon information and belief Plaintiff believes this was done in retaliation due to the previous year of Plaintiff verbally requesting that they rectify the misconduct. Nothing was done for over 7-8 months denying Plaintiff his due process.

Melissa Ortega LVN was specifically asked by Plaintiff, while receiving his injection in the dental office for privacy blockers. She ignored Plaintiff's pleas and every time Plaintiff received his injection by her, Plaintiff was exposed on these dates: 1/3/25, 1/17/25, 1/10/25, 1/13, 25, 1/24/25, 2/7/25, 2/28/25, 2/14/25, 3/7/25, 4/11/25.

Michelle Martinez, psych tech, was specifically asked by Plaintiff to cover Plaintiff's private parts or give Plaintiff privacy blockers. She ignored Plaintiff on these dates: 7/25/25, 8/22/25, 9/5/25, 9/12/25. All of Plaintiff's treatments are on AVS security video footage. Lydia Nambalirwa, LVN treated Plaintiff on 3/14/15. Winnie Haywood treated Plaintiff and left Plaintiff exposed on 5/9/25, 5/23/25, 5/30/25. Jeannet Aguilar, LVN, left Plaintiff exposed on 6/13/25, 6/6/25. Nicole Katchueng-Tange left Plaintiff exposed on 6/22/25, 6/20/25. Upon information and belief, almost every time Plaintiff put a medical slip in and was called by an RN to answer his medical request or read lab results, his private information was exposed to all outside the open door. The door is always closed when Plaintiff sees the doctor but not when his medical request is answered. Plaintiff believes his exposure is due to retaliation of his appeal.

Plaintiff seeks compensatory damages and punitive damages.

## III. Discussion

### Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved. General assertions regarding the failure of defendants to provide him with proper medical care or infringe his rights are not sufficient.

**Eighth Amendment - Medical Deliberate Indifference**

It is unclear if Plaintiff is attempting to allege an Eighth Amendment claim.

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06, 97 S.Ct. 285). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's complaint fails to state a claim for medical deliberate indifference. Plaintiff fails to allege any individual defendant knew of and disregarded an excessive risk to his serious medical need. Indeed, it appears that each defendant was responding to his medical needs.

**Fourth Amendment Right of Privacy and Fourteenth Amendment**

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. *Bull v. City and Cnty. of San Francisco*, 595 F.3d 964, 972 (9th Cir. 2010) (en banc). "[I]incarcerated prisoners retain a limited right to bodily privacy." *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). "Shielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." *Id.* However, for instance, "assigned positions of female guards that require only infrequent and casual observation, or observation at distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference." *Id.* at 334 (citing *Grummett v. Rushen*, 779 F.2d 491, 494-95 (9th Cir. 1985) (noting that "The Supreme Court has not recognized that an interest in shielding one's naked body from public view should be protected under the rubric of the right of privacy")); *see id*. at 332 (holding that the infringement of male inmates' right to privacy by allowing female officers to observe strip searches of male prisoners is "reasonably related to legitimate penological interests"). The Ninth Circuit has explained that:

> we cannot assume from the fact that the [conditions] cause immense anguish that they therefore violate protected Fourth Amendment interests. Far from it, our prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited.

*Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993) (en banc) (citations omitted) (declining to reach Fourth Amendment claim and instead deciding case based on Eighth Amendment grounds of wanton infliction of pain).

The Ninth Circuit has recognized a Fourteenth Amendment constitutionally protected privacy interest in avoiding disclosure of private personal matters, including medical records. *See Norman-Bloodsaw v. Lawrence Berkeley Lab.,* 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly

encompasses medical information and its confidentiality.") (citing *Doe v. Attorney Gen. of the United States*, 941 F.2d 780, 795 (9th Cir. 1991)). It is well-settled in the Ninth Circuit that prisoners have "no legitimate expectation of privacy in information that is not highly personal, even where the government assures confidentiality." *Doe v. Bonta*, 101 F.4th 633, 637–38 (9th Cir. 2024).

Here, Plaintiff alleges two violations: that his body was not shielded during medical injections and that his medical diagnoses were discussed, possibly within earshot of others. As to the latter concern, Plaintiff speculates that his medical information was overheard because a door was not closed during discussions. Plaintiff fails to identify which Defendant engaged in this conduct and further his speculation that his medical information was overhead by passersby fails to state a claim. Plaintiff may be attempting to allege a non-cognizable claim of negligence.

To the extent Plaintiff complains of being touched, an intimate touching during a medical examination is not an invasion of privacy when the touching is directly related to the medical examination. There was a legitimate penological justification for the examination and touching.

To the extent that Plaintiff alleges any individual did not shield his body during the injection, Plaintiff fails to state a claim. Plaintiff fails to allege the duration of the exposure, where he and each defendant were located in relation to the open door, and whether any person actually observed Plaintiff partially unclothed. Plaintiff does not allege whether institutional security was implicated by the open door, including whether each individual female defendant's safety was implicated by the open door during the injection, or that other exigent circumstances warranted leaving the door open. Further, it appears that the each "exposure" was limited to giving Plaintiff the required medical injection. A prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited. *See Grummett*, 779 F.2d at 495–96. Plaintiff's claim alleges only an infrequent and causal observation by others, if any at all. *Michenfelder*, 860 F.2d at 333.

**Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532

(9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff fails to state a cognizable claim. Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation. Plaintiff's allegations are conclusory as to any protected conduct he in engaged in and fails to allege he engaged in protected conduct. Plaintiff mentions an appeal, but fails to allege when and whether each defendant knew of the appeal and when each exposure was in relation to each defendant learning of the appeal. Plaintiff fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal.

## IV. Conclusion and Recommendation

Plaintiff's first amended complaint fails to state a cognizable claim under 42 U.S.C. §

1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 29, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE