# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNETH BOKOR,

Plaintiff,

v.

CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, *et al.*,

Defendants.

Case No. 1:26-cv-06324-JLT-BAM (PC)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 8)

Plaintiff Kenneth Bokor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 29, 2026, the Court screened Plaintiff's first amended complaint and issued findings and recommendations to dismiss this action for failure to state a cognizable claim upon which relief may be granted. (ECF No. 10.)

Currently before the Court is Plaintiff's motion for appointment of counsel, filed on September 18, 2026, and docketed on September 29, 2026. (ECF No. 8.) In support of his motion, Plaintiff asserts that he is unable to afford counsel, his imprisonment limits his ability to litigate, the issues in the case are complex, he has limited access to the law library and limited knowledge of the law, and it is hard to receive and retain information. (*Id.*) Plaintiff also asserts that trial in this case will likely involve conflicting testimony and counsel would better enable him to present evidence and cross-examine witnesses. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by indigent prisoners with no legal training. These plaintiffs also must litigate complex cases without the assistance of counsel, including conduction research.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. As discussed in the pending findings and recommendations, Plaintiff fails to state a claim for relief. The Court therefore cannot conclude that Plaintiff's claims are likely to succeed on the merits. Further, based on a review of the record in this case, including his motion for appointment of counsel, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 8), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 1, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE